# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  46995-2-II |
| Respondent, | |
| v. | |
| PATRICK L. PARNEL, | PUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Patrick L. Parnel appeals his conviction for second degree murder with an aggravating circumstance.  Parnel argues that the trial court's jury instruction on reasonable doubt requiring the jury to "articulate a reason for having a reasonable doubt" was improper.  We hold that the trial court's jury instruction and definition of reasonable doubt was proper.  Thus, we affirm Parnel's conviction.

## FACTS

After the death of his newborn infant daughter, the State charged Patrick Parnel with first degree murder[1] with an aggravating circumstance.[2]  At trial, the trial court provided the jury the following instruction:

---

[1] RCW 9A.32.030(1)(a).

[2] The State alleged as an aggravating circumstance that Parnel knew, or should have known, that the infant was "particularly vulnerable or incapable of resistance" under RCW 9.94A.535(3)(b). Clerk's Papers (CP) at 26.

The defendant has entered a plea of not guilty. That plea puts in issue every element of the crime charged. The State is the plaintiff and has the burden of proving each element of the crime beyond a reasonable doubt. The defendant has no burden of proving that a reasonable doubt exists.

A defendant is presumed innocent. This presumption continues throughout the entire trial unless during your deliberations you find it has been overcome by the evidence beyond a reasonable doubt.

*A reasonable doubt is one for which a reason exists* and may arise from the evidence or lack of evidence. It is such a doubt as would exist in the mind of a reasonable person after fully, fairly, and carefully considering all of the evidence or lack of evidence. If, from such consideration, you have an abiding belief in the truth of the charge, you are satisfied beyond a reasonable doubt.

Clerk's Papers (CP) at 47-48 (Instr. no. 3) (emphasis added). This instruction is identical to 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 4.01, at 85 (3d ed. 2008) (WPIC).

The jury acquitted Parnel of first degree murder, but it convicted him of the lesser-included offense of second degree murder. The jury also returned an affirmative answer on the special verdict form for the aggravating circumstance of a particularly vulnerable victim. Parnel appeals.

ANALYSIS

Parnel challenges the phrase "[a] reasonable doubt is one for which a reason exists" in the trial court's reasonable doubt instruction. He argues that the trial court's reasonable doubt instruction was constitutionally deficient because (1) requiring the jury to "articulate a reason for having a reasonable doubt" misstates the reasonable doubt standard and (2) requiring the jury to have a reason for reasonable doubt undermines the presumption of innocence and is "substantively

2

identical to the fill-in-the-blank arguments" that our courts have held to be improper. Br. of Appellant at 2-3. We disagree.[3]

We review challenged jury instructions de novo, in the context of the instructions as a whole. *State v. Bennett*, 161 Wn.2d 303, 307, 165 P.3d 1241 (2007).

The instruction Parnel challenges is identical to WPIC 4.01 and states, in relevant part,

> *A reasonable doubt is one for which a reason exists* and may arise from the evidence or lack of evidence. It is such a doubt as would exist in the mind of a reasonable person after fully, fairly, and carefully considering all of the evidence or lack of evidence. If, from such consideration, you have an abiding belief in the truth of the charge, you are satisfied beyond a reasonable doubt.

CP at 48 (Instr. no. 3) (emphasis added). In *Bennett*, our Supreme Court directed our trial courts to use only WPIC 4.01 to instruct juries on the burden of proof and the definition of reasonable doubt.[4] 161 Wn.2d at 317-18. More recently, in *State v. Kalebaugh*, our Supreme Court reaffirmed that WPIC 4.01 is the "proper" and "correct" instruction for trial courts to give to the jury. 183 Wn.2d 578, 585-86, 355 P.3d 253 (2015).

Further, the court in *Kalebaugh* rejected the argument that the trial court's improper instruction on reasonable doubt was "akin to the 'fill in the blank' approach" that the court has

---

[3] Parnel did not object to the reasonable doubt instruction proposed and given at trial. But we exercise our discretion under RAP 2.5(a) and address his arguments.

[4] In *Bennett*, the trial court added language to the reasonable doubt instruction based on *State v. Castle*, 86 Wn. App. 48, 58, 935 P.2d 656 (1997). The trial court's instruction stated that the law does not require proof that overcomes "every possible doubt" and defined reasonable doubt as a "real possibility" that the defendant is not guilty. 161 Wn.2d at 309 (emphasis omitted). The Supreme Court found that this instruction was not error, and that the language of the instruction as a whole did not relieve the State of its burden of proof, but that WPIC 4.01 should be given instead until a better instruction is approved. 161 Wn.2d at 317-18.

held to be improper.[5] *Kalebaugh*, 183 Wn.2d at 585 (citing *State v. Emery*, 174 Wn.2d 741, 759-60, 278 P.3d 653 (2012)). We are bound by the Supreme Court's approval of WPIC 4.01.[6]

The trial court's reasonable doubt instruction here was identical to WPIC 4.01. The trial court also instructed the jury that the State had the burden to prove the elements of the crime beyond a reasonable doubt, and that Parnel had no burden to prove that reasonable doubt existed. CP at 47-48. Because the trial court's reasonable doubt instruction was correct and followed WPIC 4.01, and we are bound by the Supreme Court's approval of WPIC 4.01, we hold that the trial court properly instructed the jury when it used the language identical to WPIC 4.01. Thus, we affirm Parnel's conviction.

SUTTON, J.

We concur:

MAXA, A.C.J.

LEE, J.

---

[5] The Supreme Court in *Kalebaugh* addressed an erroneous reasonable doubt instruction which misstated the law. 183 Wn.2d at 584 (the trial court improperly instructed the jury that a "reasonable doubt" is a doubt for which a reason can be given, rather than correctly instructing the jury that a "reasonable doubt" is a doubt for which a reason exists).

[6] Decisions by our Supreme Court are binding on all lower courts in this state. *State v. Ballew*, 167 Wn. App. 359, 369, 272 P.3d 925 (2012) (citing *1000 Virginia Ltd. P'ship v. Vertecs Corp.*, 158 Wn.2d 566, 578, 146 P.3d 423 (2006)). Thus, we decline to address any of Parnel's arguments asking us to examine the language and constitutionality of WPIC 4.01.